May it please the court, my name is Christopher Warren. I represent Mr. Palovich. Obviously this is the same argument we've been hearing. I would like to go right to where the court left off with regard to Byford. The elements are different. I've had the unique, I've tried about 45 murder trials in our state and I've done that since 1991. The difference in what the state now has to do is vastly different than it was prior to Byford. And what I mean by that is this deliberation element that is now listed in the Byford instruction is very clear to the jury. And the portion that is so important to us litigators in the trenches is the following. That first degree murder can never, never be a unconsidered rash impulse. And what that did for us as litigators is it helps the fight or a problem, a domestic violence where a man kills his wife in the midst of an argument. That is never first-degree murder. But the fact that it's important doesn't mean that it's a change in the elements versus a change in the definition of the same element. And it was either in the Nevada Supreme Court, either in Levitt or in NECA, effectively said that the law, Kaslan was correct instruction during one period and now Byford sets it now. That is a pretty clear statement that the elements didn't change, but the mere definition of the element changed. Why is that wrong? Well, because I mean one is just words. One can say the elements haven't changed and we can say the elements haven't changed, but did they change? Absolutely they changed. The Kaslan instruction and the Byford instruction, the elements, is quite vast. There is nothing. What I was just discussing with the deliberation element, there is nothing in Kaslan that suggests that. Absolutely nothing. So we can say the elements are there, but when you read Kaslan, no reasonable person, no reasonable juror could look at that and say that element that we now have to prove, that the State now has to prove beyond a reasonable doubt, that deliberation element is somehow included in the Kaslan instruction. Well, that was basically the Kaslan approach, wasn't it, is that the willfulness was included in the premeditation. I think, I think if anything, what they're going to say is those three elements are somehow jumbled into Kaslan, but they're not. The elements have now, they changed in Byford. And did the Nevada Supreme Court say that, that the element has now changed? It's different. No, they did not. But they have, they have been so inconsistent, their decisions, they have been so inconsistent in what they are doing. Look at how now the decisions this Court just quoted, they do this in unpublished decisions. Levitt, unpublished. Richard Allen Knape, unpublished. Nothing for us to hold onto because it doesn't make sense. And they consistently give inconsistent decisions. I think one thing, I heard today that they once said it was a change of the law, clarification, interpretation of the law. Well, they said last, their last formal position is it was a change in law. Yes, that's right. Right? That's what they argued. And we finally accepted that. But if you look at the decisions of Montgomery and Welsh and see how, I would argue that it now requires that the State statute, that any State statute that it is interpreted as interpreting and narrowing, narrowing, which is exactly what happened here, it should be applied retroactively. And that's exactly what they did. They narrowed the conduct of people that could be convicted of first-degree murder. As I was just giving you as an example, in my case, Mr. Paulovich was driving down the street in an erratic condition of his wife. He ran over a wall, got caught, and asked the condition of his wife. The deliberation element that is now there would have greatly benefited him and actually makes him innocent of first-degree murder. I don't mean innocent of the charge. I mean innocent of first-degree murder. If the jury sees that element, they recognize Mr. Paulovich cannot be convicted of murder of the first degree. It has to be murder of the second degree. So how is that not a different element? I don't see that distinction. We can play with words all day long, and the Nevada Supreme Court can claim that this is what's really happening. They made a mistake in Byford because they opened up Pandora's box, realizing that they were changing. They were changing elements. The elements were changing. And so I would suggest that under the rationale that we've heard in both Welch and Montgomery, that this should be applied to all, all of the defendants who petitioned the court, and it should be applied retroactively. And so that is, I believe, an accurate, or at least in this case, we have a low burden. We're not arguing the issue, and I think so. Right. We're not here on the merits of whether or not this argument is correct or not. We're just, we're sort of gatekeepers. Yes, and I recognize that. But I also see that there are significant issues that are being argued here today, and some of these issues are very important, and I suggest that it is a good idea that this case … Why? What help is there going to be to the judicial system if some different panel of the Ninth Circuit decides it three years from now, rather than this panel deciding it now? Why is that better? Well, because, first of all, I think it gives an opportunity for this issue to be fully developed, and so I would ask, again, for non- You don't think you've fully developed this in your briefing, or in the briefing by, for Mr. Berry? I do. However, I would argue to the court that since our burden is lower, that we did not have to come up here today and win this issue. Just simply, we need to meet our burden, and we've done that. And I would suggest … My question is, what benefit to the judicial system is there to defer, rather than be a gatekeeper? Your Honor, I would ask you to … That is an excellent question. I would ask you to rule in our favor. I think we have briefed this. I think we are successful. My question is, why is that a benefit to go that way for the judicial system? If this court makes a decision, I think that's excellent, and I think you should rule in our favor. Okay. Okay. It's good if we rule in your favor. If we ruled in your favor, if we granted your motion and said, issued a certificate that an order that he could file a successive petition in the district court, we would — we're just letting the case go forward, and the merits would then be fully addressed in the district court, and if he loses, he'd come up here, or if the State loses, the case would be fully briefed away. If we rule against you, the issue is gone. Issue is gone. That's it. Especially if we do it in a published opinion, it's gone. Yes. To a man who is actually innocent. It's over. Yes. To a man who is actually innocent. And there's no relief. There's no relief to a man who is actually innocent, and that's why … You can't petition for a re-hearing on bunk, and you can't file a motion for reconsideration, and you can't go to the Supreme Court. Yes. Cases. That's why I asked you to rule in our favor, because the man is actually innocent, under Boozley. And if you look at these elements, what they're doing is inconsistent. I see that my … I only have two minutes left. Okay. That's fine. Let's hear from the State. I'll give you a few minutes for rebuttal. Hello again. May it please the Court that I'm here on behalf of the Respondents. Your Honors, what I just heard is that they concede that there was a change in the law. That question is controlled by Supreme Court precedent in Bunkley v. United States. If the Nevada Supreme Court relied on Bunkley in NECA, it says that if a State court decision is a change in State law, that is a question of State law. And when that change occurs is a question of State law. What if the change was a change in the elements versus a change in the definition of the same elements? I don't think that's a material distinction to me, Your Honor. Whether, you know, before Biford, the State had to prove that the murder was willful, premeditated, and deliberate. After Biford, they had to prove that. But what those terms of art meant before and after Biford are different. Well, then you're not saying it's immaterial. You're saying that they're wrong. That it's not an elements change. It's a definition change. Correct. In the sense of, you know, if you look at this Court's decision in Riley, the Court was focused on the Nevada Supreme Court's decision from Hearn v. State where the Nevada Supreme Court said there's three Powell. They said, well, you know, it's really one element. But the important point is not whether there's three elements or it's one combined element. It's what did those terms connote as a concept? And that's what the Nevada Supreme Court addressed in NECA in addressing the Hearn case. It said, look, in Hearn, we said there's three elements. But then when we addressed what those elements mean, we didn't treat premeditated and deliberate as connoting different concepts. And so it only becomes after Biford that the Nevada Supreme Court gives distinct meaning to the elements. So they were always elements of the offense. Just what those elements mean is different now. But the jury wasn't instructed with the three elements laid out. That's correct, Your Honor. But that's exactly the point of the NECA decision in explaining what Biford did, is saying that at the time that the Causland instruction was given, it was a correct statement of Nevada law. And under Bunkley v. Florida, that is the controlling question. If at the time Mr. Palavich's conviction became final, Causland constituted a correct statement of Nevada law, there is not a due process problem. That's, that's, that's Bunkley. There's, there is not a question that needs to go to the district court to be decided here. If they think that Montgomery and Welch combined do what they think it does with respect to the Causland instruction, they need to get cert granted direct from the Nevada Supreme Court and have the U.S. Supreme Court decide that issue and establish the rule that they think applies here. That hasn't happened. And so this idea that Mr. Palavich is actually innocent is not consistent with what the U.S. Supreme Court has said about when a state Supreme Court makes a substantive change in state criminal law. That case has to be applied to only to cases that are then pending on direct review under Bunkley v. Florida. So I think when we first looked at all of this, didn't we say it was, that it was a clarification in Nevada law? I don't, I don't think that in Polk this court addressed the change versus clarification Because it said it had to be applied retroactive, that Byford had to be applied retroactive, didn't we? I don't know that Polk addressed a retroactivity issue or not. It just said that under, under Byford, that Byford, under Byford the instruction was wrong and didn't, didn't adequately instruct the jury on the elements and so it just found a problem under Sandstrom v. Montana because of the way that the instruction was written by saying that premeditation, if you find that it was premeditated, that it was also willful and deliberate, the court read that as creating an improper presumption under Sandstrom v. Montana that the other elements were satisfied. I can't remember, I can't remember the circumstances of that case, but wasn't that, was that defendant's conviction? I can't remember off the top of my head what the time frame is for Polk, Your Honor. That's okay. We'd be happy to provide the court with that information if necessary. That's okay, I can read the case. But Polk at this point is irrelevant because NECA happened after Polk and this court has so they concede that the law changed when the Nevada Supreme Court decided Byford and under Bunkley v. Florida. Your Honor, so their only argument now, the argument now as I understand it is that Byford should be applied retroactively based on, despite the fact that it's a change in law in light of Montgomery and Welch. Based on, based on Welch. But Welch is a Federal criminal case that had no opportunity to address Bunkley v. Florida and engage in a stare decisis analysis as to whether or not Bunkley should be overruled. Well, I understood Welch to simply be, what I understood out of Welch was that a, a change, a statutory change could be substantive. What, what Welch says. That's what I understood. Is it relies on Boozley v. United States where the Supreme Court recognized that only Congress can make conduct. But you're dealing with, you're dealing with law, you're dealing, it's not, it was not a constitutional. In, I would, to analogize the Welch-Boozley cases to the Bunkley context, what they're talking about there would actually fit what is a clarification of law. Because under Boozley, what the court recognized there is that when the Supreme, U.S. Supreme Court narrowly construes a Federal criminal statute, it is saying this is what Congress said when they passed the statute. That's not the case with the change versus clarification distinction under Bunkley v. Florida. That's a, that's a different question. Okay. And it comes down to the origins of state law and the fact that the U.S. Supreme Court has recognized that state, state courts can substantively change state criminal law. And under Bunkley v. Florida, that change only applies to cases that are then pending on direct review. Okay. Unless there's any further questions from the court, the response will submit and ask that the court deny Mr. Palovich's application. Thank you. Okay. Thank you. There was a, you had a minute and 52 seconds. What I've heard in these arguments is, was it a change, was it clarification, was it interpretation? The reason I say that is you can hear reasonable minds. We can't even wrap our minds around what the Nevada Supreme Court did. And. Well, but don't we have to accept what the Nevada Supreme Court said it did? And that is it said it was a change in law. Right. And so what the attorney general is just saying is, oh, we're accepting that it's a change of law. And so what I would read is the argument. Are you accepting that it's a change in law? No, I, I'm not accepting that. To me, the, the different decisions of the Nevada Supreme Court make it very difficult to decipher exactly what they did. But don't we as a panel have to accept if the Nevada Supreme Court says it's a change in law, aren't we bound by the highest State court's interpretation of its own law? No. Why not? I would argue that the Court can just look at what the Nevada Supreme Court has done and recognize that that is not what has occurred. And what I would like to say is that if we, if you look at what we're trying to put forth in Welch, and just look at the standard and what we're arguing, Welch establishes that a substantive rule exception is a test of function, and therefore applies whenever a court alters the range of conduct or class of person that the law punishes. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons beyond the State's power to punish. And I would contend that that is exactly what they did. If you were writing this decision, then would you suggest, would you write what the Nevada Supreme Court said, when it was a change of law, is not so? Is that what you want this Court to say? You have to want this Court to say that. I do. Yes. With that, if there aren't any questions, I'll submit it. Thank you. Thank you very much.
judges: Murphy, Paez, Rawlinson